IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
BRYSON CITY DIVISION
2:14PO4

| UNITED STATES OF AMERICA, | ) | |
| --- | --- | --- |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| DAVID FRANK CRISP, | ) | |
| | ) | |
| Defendant. | ) | |

Defendant moved to dismiss Count Eighteen, which alleged that he aided and abetted David Chadwick Crisp in the commission of the offense of digging and removing ginseng from property located in the Great Smoky Mountain National Park. On October 2, 2014, the Court heard oral argument as to the Motion to Dismiss and took the motion under advisement. Prior to the start of the trial, the Court orally denied the motion. The Court now enters this Order to supplement its oral ruling. Upon a review of the record, the parties' pleadings, the relevant legal authority, and after the benefit of oral argument, the Court **DENIES** the motion [# 12].

I.   Analysis

The alleged removal of ginseng in Count Eighteen occurred on a 44,400 acre tract of Great Smoky Mountain National Park known as the Fontana Addition. The Fontana Addition became part of Great Smoky Mountain National Park approximately seventy years ago when the property was transferred by the Tennessee Valley Authority ("TVA") to the Department of Interior pursuant to an agreement between the State of North Carolina, Swain County, North Carolina, TVA, and the Department of Interior. See TVA v. Welch, 327 U.S. 546, 550-51, 66 S. Ct. 715, 717 (1946) (setting forth the terms of the multiparty agreement concerning the Fontana Addition). Over the years, both the District Court and the United States Court of Appeals for the Fourth Circuit have held that the transfer of the Fontana Addition was valid and done in accordance with 16 U.S.C. § 831c(k)(a). U.S. v. McLean, 688 F.2d 242, 243 (4th Cir. 1982); U.S. v. McLean, 547 F. Supp. 9, 13 (W.D.N.C. 1981) (Jones, C.J.). Similarly, both Courts have held that the Fontana Addition is part of Great Smoky National Park. McLean, 688 F.2d at 243 ("As we hold that the Fontana Addition is a part of the park, it follows that defendant was in the park when apprehended with an uncased firearm."); McLean, 547 F. Supp. at 13 (holding that the National Park Service has jurisdiction over the Fontana Addition).

Despite this legal authority, Defendant contends that the Fontana Addition

is not part of Great Smoky Mountain National Park because the transfer of property from the TVA to the Department of Interior was not valid under Section 831c(k)(a). Specifically, Defendant contends that the transfer was improper because Section 831c(k)(a) only authorized TVA to convey property to another person, and the Department of the Interior is not a person within the meaning of the statute.

The Court finds Defendant's argument to be without merit. Both the District Court and the Fourth Circuit have held that the Fontana Addition is part of Great Smoky National Park, and that the transfer of property from TVA to the Department of Interior was proper under Section 831c(k)(a). McLean, 688 F.2d at 243; McLean, 547 F. Supp. at 13. Although neither Court explicitly addressed the issue raised by Defendant regarding the interpretation of the term "person" within with the meaning of the statute, both Courts implicitly rejected Defendant's argument by finding the transfer to the Department of Interior was proper under the statute and that the Fontana Addition is part of Great Smoky National Park. Moreover, the only legal authority offered by Defendant in support of his interpretation of the statute is a citation to an 1835 decision by the Supreme Court of Illinois, Blair v. Worley, 2 Ill. 178 (Ill. 1835).[1] Defendant has failed to

---

1 Defendant also attempts to cite to a decision from the Supreme Court of Pennsylvania but the citation provided in the brief is improper; the Court was unable to determine whether Defendant intended to cite Appel of Brown, 12

provide the Court with any relevant legal authority to warrant this Court holding that the transfer was invalid and that the Fontana Addition is not part of Great Smoky National Park.   Accordingly, for the reasons stated orally, the reasons set forth in this Order, and the reasons set forth in the Government's response to the Motion to Dismiss, the Court **DENIES** the motion [# 12].

## II.     Conclusion

The Court **DENIES** the motion [# 12].

Signed: October 16, 2014

Dennis L. Howell
United States Magistrate Judge

---

Pa. 333, 337 (Pa. 1849), or some other decision.